**Application of James Joseph DAUGHERTY, a child under the age of 18 years, for a writ of habeas corpus, Petitioner.**

No. H–79–275.

Court of Criminal Appeals of Oklahoma.

May 16, 1979.

## ORDER DECLINING TO ASSUME JURISDICTION

On May 10, 1979, the above petitioner James Joseph Daugherty filed his petition in this Court seeking issuance of the writ of habeas corpus to set bail in Pottawatomie County District Court Case No. CRF–79–38, wherein petitioner was certified to stand trial as an adult in juvenile proceedings numbered J–79–172; and,

In said petition it is asserted that petitioner has been denied bail pending the appeal from the said juvenile proceedings and remains incarcerated in the Pottawatomie County Jail; and petitioner further asserts that insofar as the District Court stayed further proceedings in CRF–79–38, on March 23, 1979, pending the results of petitioner's appeal from the juvenile certification, that the District Court is without jurisdiction to entertain a petition for habeas corpus for bail.

This matter was set down for hearing in this Court to be had on May 16, 1979, at 1:30 p. m.; and at that hearing petitioner was represented by Randy C. Parsons, Shawnee, and the State was represented by Rick Cornwell, Asst. Dist. Atty. Insofar as this is a matter of first impression concerning the question of bail, pending the juvenile proceedings appeal, this Court entertained argument concerning whether or not this Court should assume jurisdiction; and further, and for a determination of whether or not the District Court is authorized under these circumstances to hear the habeas matter pending the appeal of the juvenile proceedings to this Court.

NOW THEREFORE, after considering the pleadings filed herein and after hearing argument of counsel this Court finds that the District Court is authorized under the provisions of Oklahoma State Constitution Article VII, Section 10, and under the provisions of 10 O.S.1977 Supp., § 1123 C, which provides that the order of certification is a final order subject to appeal, but that such appeal shall not ". . . suspend the order of the district court . . unless the Supreme Court or the Court of Criminal Appeals shall so order." The District Court is authorized to entertain a petition for writ of habeas corpus for bail notwithstanding the District Court order staying further proceedings in CRF–79–38.

AND FURTHER, this Court finds that insofar as this matter is one of first impression to which this Court has not heretofore spoken, that this Court should decline to assume jurisdiction of this matter without prejudice toward petitioner's filing a petition in the District Court seeking to have bail set where a proper record may be made for further consideration in any subsequent proceedings in this Court.

IT IS SO ORDERED.

WITNESS OUR HANDS, AND THE SEAL OF THIS COURT, this 16th day of May, 1979

TOM R. CORNISH, P. J.
TOM BRETT, J.
HEZ J. BUSSEY J.